UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES M. ORMOND                                      CIVIL ACTION

VERSUS                                               NO. 09-7202

STATE OF LOUISIANA, ET AL.                           SECTION: "R"(5)

**REPORT AND RECOMMENDATION**

Plaintiff, James Ormond, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. §1983. Named as defendants in this action are the State of Louisiana and the Twenty-Fourth Judicial District Court for the Parish of Jefferson. Plaintiff claims that he was denied his constitutional rights by the failure of the judges and employees of the Louisiana Fifth Circuit Court of Appeal to follow the applicable provisions of state law when denying his *pro se* post-conviction writ applications. For the reasons set forth below, the Court finds that the instant action should be dismissed as frivolous.

I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of

a governmental entity." 28 U.S.C. §1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

2

Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008).

## II. Factual Background

The instant case is one of several filed in this Court as a result of allegations which came to light upon the suicide of Jerrold Peterson, the former Central Staff Director of the Louisiana Fifth Circuit Court of Appeal.

The Louisiana Constitution provides that each state Court of Appeal "shall sit in panels of at least three judges selected according to rules adopted by the court." La. Const. art. V, §8(A). According to plaintiff, the judges of the Louisiana Fifth Circuit Court of Appeal instituted a policy in 1994 to circumvent that constitutional requirement with respect to *pro se* prisoner post-conviction filings. Plaintiff alleges that the minutes of a

3

February 8, 1994 en banc meeting of the Louisiana Fifth Circuit judges provided:

> Effective immediately, Judge Dufresne will handle all pro se writ applications and will not be included in the handling of regular writ applications. Special or unusual writ applications will be presented to a regular panel.

(Rec. doc. 1, p. 5). Plaintiff describes the procedure which developed in the Louisiana Fifth Circuit Court of Appeal regarding the "review" provided to *pro se* writ applications as follows:

> [W]hen *pro se* writs were received by the Fifth Circuit, they were forwarded to-then Central Staff Director-the late Mr. Jerrold Peterson. (Mr. Peterson committed suicide on May 21, 2007. He was the Central Staff Director up to his death.) Rather than assign these applications to a random panel, Mr. Peterson would-pursuant to unwritten court instructions-review the applications himself, and decide on a ruling to be made from a form list of "typical rulings". The ruling number was recorded by Mr. Peterson on a "sticky note", which was attached to the application. The application and attached note were given to a Central Staff secretary, who typed the form ruling onto a disposition sheet. Once the writ disposition sheets were typed by the secretary, they were returned to Mr. Peterson, who would take the sheets to Judge Edward A. Dufresne, Jr. for his signature.... The entire process was usually completed within three to five business days after the application was filed, unlike the Fifth Circuit's process for represented criminal defendants, whose writs were in fact actually reviewed by three judges, and normally took one month to process.
> Unlike the writ applications submitted by non-pro se defendants, the pro se writ applications were not presented to the Central Staff attorneys, law clerks, research attorneys, or the other two judges whose names were typed on the disposition sheet. Therefore, the applications <u>were not reviewed</u> by a legally mandated, three-judge panel to ascertain whether the issues

> presented therein contained factual allegations or constitutional violations, which, if established, would entitle an applicant to relief.

(Rec. doc. 1, pp. 5-7) (emphasis original).

When the above-described procedures were made public, many state prisoners claimed that their rights had been violated by the Court of Appeal's procedures and sought relief from the Louisiana Supreme Court. In response, the Louisiana Fifth Circuit Court of Appeal unanimously adopted an en banc resolution on September 9, 2008, which provided:

> Recommend to the Supreme Court the following possible solution to the Pro-Se Criminal Writ applications complaining that earlier applications by those same applicants had received inadequate review by this Court.
> First, we are proposing that you consider remanding each of the current applications in your court to this court with direction that they be assigned to respective three-judge panels randomly selected from five judges of this court; namely, Judges Chehardy, McManus, Wicker, Guidry and Pro Tempore Jasmine who incidentally have had no hand in the process by which this court earlier handled these multiple applicants' earlier writs in this court.
> Under this proposal, the applications will be controlled, handled and considered only by those five judges and such members of their respective personal staffs selected by them as a group, and as approved by the respective panels. Furthermore, none of the other three judges on this court will be involved in any way in consideration of the work of the three-judge panels, or conversant in any way with the five-panel judges to be assigned to handle these cases and their respective personal staff members which the five judges alone will choose to have assist them.
> We are guided in this request by a desire to avoid imposing financial or other burdens on other judges in this state who might otherwise be called upon to consider these cases out of our court.

See State v. Cordero, 993 So.2d 203, 206 (La. 2008).

In its decision on a writ application filed by one such prisoner, Sandra Cordero, the Louisiana Supreme Court adopted that resolution, holding:

> Therefore, in accordance with the Resolution of the Fifth Circuit Court of Appeal en banc, the application of Sandra Cordero is herewith transferred to the Fifth Circuit Court of Appeal for consideration according to the procedures outlined in the Fifth Circuit Court of Appeal's en banc resolution of September 9, 2008. These three-judge panels are to be insulated from all persons, other than the panel judges and their respective personal staffs. This Court also determines that the applications presently filed and pending in this Court by petitioners, raising similar claims and enumerated hereinabove should also be handled in accordance with the procedures outlined in this Order and the Fifth Circuit Court of Appeal's en banc resolution of September 9, 2008. Further, this Court also determines under its supervisory authority that the applications presently filed and pending in the Fifth Circuit Court of Appeal by those petitioners who raise similar claims should also be handled in accordance with the procedures outlined in this Order and the Fifth Circuit Court of Appeal's en banc resolution of September 9, 2008.

Cordero, 993 So.2d at 205.

### III. Analysis

The allegations set forth above are undeniably troubling and, if true, evidence a shameful disregard for justice on the part of the appellate court judges who conceived of such a system and directed court staff to implement the system. However, even if

plaintiff's complaint is broadly construed,[1] the Court nevertheless finds that the federal complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

With regard to plaintiff's claim against the State of Louisiana, it is axiomatic that the Eleventh Amendment bars citizens' suits in federal court against states, their alter egos, and state officials acting in their official capacities. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999)(citing Voisin's Oyster House v. Guidry, 799 F.2d 183, 185 (5th Cir. 1986)). The sovereign immunity embraced by the Eleventh Amendment is jurisdictional in nature. Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 280 (5th Cir. 2002)(citing Koehler v. Unites States, 153 F.3d 263, 267 (5th Cir. 1998)). Because plaintiff's claims against the State of Louisiana are barred by Eleventh Amendment immunity, plaintiff's claims against the State are clearly frivolous. Plaintiff's claims against the Twenty-Fourth Judicial District Court for the Parish of Jefferson Parish are likewise frivolous.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

7

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. §1983; see Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." See Fed. R. Civ. P. 17(b).

According to Fed. R. Civ. P. 17(b), Louisiana law governs whether the state court is a suable entity. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Under these guidelines, the Louisiana state courts are not suable juridical entities. Moity v. La. State Bar Ass'n, 414 F. Supp. 180, 182 (E.D. La. 1976); accord Bellow v. Charbonnet, No. 98-3212, 1999 WL 203740 at *1 (E.D. La. April 7, 1999) (judicial expense fund for the Orleans Parish Civil District Court did not have procedural capacity to sue or be sued under Louisiana law); see also, Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir. 1997); Harris v. Champion, 51 F.3d 901, 905 (10th Cir. 1995); Clark v. Clark, 984 F.2d 272 (8th Cir. 1993); Ward v. Morris, 895 F. Supp. 116, 117 (N.D. Miss. 1995). Plaintiff's claims against the state

court should be dismissed as legally frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against defendants who are immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this __7th__ day of __December__, 2009.

*Alma L. Chasez*

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

9

**ALMA L. CHASEZ**
                                        **UNITED STATES MAGISTRATE JUDGE**