```
                    UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**JAMES M. ORMOND**                                          **CIVIL ACTION**

**VERSUS**                                                   **NO. 09-7202**

**STATE OF LOUISIANA, ET AL**                                **SECTION: "R"(5)**


## SUPPLEMENTAL REPORT AND RECOMMENDATION

In the above-captioned *pro se* action filed pursuant to 42 U.S.C. §1983, plaintiff, James Ormond, originally named as defendants the State of Louisiana and the Twenty-Fourth Judicial District Court for the Parish of Jefferson. The basis of plaintiff's complaint is his claim that he was denied his constitutional rights by the failure of the judges and employees of the Louisiana Fifth Circuit Court of Appeal to follow the applicable provisions of state law when denying his *pro se* post-conviction applications.

On December 8, 2009, the undersigned magistrate judge issued a Report and Recommendation (rec. doc. 7), recommending that petitioner's claims against the State of Louisiana and the Twenty-Fourth Judicial District Court for the Parish of Jefferson be

dismissed as frivolous. On December 10, 2009, petitioner submitted to this court a pleading (rec. doc. 8), advising that he did not intend to name the Twenty-Fourth Judicial District Court for the Parish of Jefferson as a party defendant, but instead, sought to name the Louisiana Fifth Circuit Court of Appeal and the Parish of Jefferson, along with the State of Louisiana, as party defendants.

**I. Louisiana Fifth Circuit Court of Appeal**

For the same reasons petitioner's claims against the Twenty-Fourth Judicial District Court for the Parish of Jefferson were subject to dismissal as frivolous, petitioner's claims against the Louisiana Fifth Circuit Court of Appeal are likewise subject to dismissal as frivolous.

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. §1983; see Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." See Fed. R. Civ. P. 17(b).

According to Fed. R. Civ. P. 17(b), Louisiana law governs whether the Louisiana Fifth Circuit Court of Appeal is a suable entity. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the

2

Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Under these guidelines, the Louisiana state courts are not suable juridical entities. Moity v. La. State Bar Ass'n, 414 F. Supp. 180, 182 (E.D. La. 1976); accord Bellow v. Charbonnet, No. 98-3212, 1999 WL 203740 at *1 (E.D. La. April 7, 1999) (judicial expense fund for the Orleans Parish Civil District Court did not have procedural capacity to sue or be sued under Louisiana law); see also, Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir. 1997); Harris v. Champion, 51 F.3d 901, 905 (10th Cir. 1995); Clark v. Clark, 984 F.2d 272 (8th Cir. 1993); Ward v. Morris, 895 F. Supp. 116, 117 (N.D. Miss. 1995). Plaintiff's claims against the Louisiana Fifth Circuit Court of Appeal should be dismissed as legally frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

## II. Parish of Jefferson

Plaintiff's allegations involve actions taken by the judges and employees of the Louisiana Fifth Circuit Court of Appeal. The Louisiana circuit appellate courts are a part of the judicial branch of the State government. La. Const. Art. 5§§9, 25. These officials and employees are defended and indemnified by the State because of their positions in the judicial branch of the State.

La. Rev. Stat. Ann. §13:5108.1.[1] Therefore, the parish government has no authority, control, or responsibility for the state appellate court and plaintiff's claims against Jefferson Parish are frivolous.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim

---

[1]La. Rev. Stat. Ann. §13:5108.1 provides in relevant part as follows:
A. Indemnification.
(1) The state shall defend and indemnify a covered individual against any claim, demand, suit, complaint or petition seeking damages filed in any court over alleged negligence or other act by the individual, including any demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state.
(2) Upon the death of the covered individual, the benefits of this Section shall inure to the covered individual's legal, instituted, or irregular heirs, subject to the community rights of surviving spouse, which, however, shall not enlarge or diminish the rights of any other person. . . .
E. Definition.
As used in this Section "covered individual" includes:
(1) An official, officer, or employee holding office or employment: . . .
(c) In the state supreme court or in the office of the clerk thereof or office of judicial administrator thereof, in one of the circuit courts of appeal or in the office of clerk thereof, or in any of the family, juvenile, or judicial district courts of the state or in the offices of the judicial administrators thereof. . . .

4

on which relief may be granted, and/or for seeking monetary damages against defendants who are immune from such relief.[2]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[3]

New Orleans, Louisiana, this __21st__ day of __December__, 2009.

*Alma L. Chasez*
**ALMA L. CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] As set forth in the court's original report and recommendation (rec. doc. 7), the State of Louisiana is entitled to Eleventh Amendment immunity against plaintiff's claims.

[3] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

5